UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DERRICK C. MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:10 CV 109 |
| DARRICK ENGELMAN., | ) |
| Defendant. | ) |

## OPINION and ORDER

Derrick Martin, while a prisoner confined at the Allen County Jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Fort Wayne Police Detective Darrick Engelman violated his federally protected rights. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . that the person who has deprived him of the right acted under color

> of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Martin brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Martin states that in July 2009 Fort Wayne Police Detective Engelman was investigating Charles Smith from whom a confidential informant had made a controlled buy. Martin alleges that even though there was no evidence of his involvement with Smith, Detective Engelman went to his home and, without probable cause, conducted an illegal search and seizure leading to a false arrest and wrongful imprisonment.

In addressing a claim brought under § 1983, the court's analysis begins by identifying the specific constitutional right allegedly infringed by the defendants'

actions. *See Graham v. Conner*, 490 U.S. 386, 394, (1989). A complaint asserting a search or arrest without probable cause implicates the Fourth Amendment, not the Fourteenth Amendment. *See Booker v. Ward,* 94 F.3d 1052, 1057 (7th Cir. 1996).

> To succeed on his unlawful arrest claim . . . [the plaintiff] . . . must prove that they arrested him without probable cause. A law enforcement officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. We evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer--seeing what he saw, hearing what he heard.

*Id.* at 1057-58 (citations, emphasis, and quotation marks omitted).

The Seventh Circuit has emphasized that "Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Martin the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts in support of his Fourth Amendment search and seizure claim that would entitle him to relief.

Martin also alleges that he has suffered "denial of his right to a fair trial, due to my not having a jury of my peers under the Sixth Amendment." (DE # 1 at 5.) But a citizen does not have a right to a jury trial before he is searched and arrested. He has a right not to be convicted without a jury trial, but there is no suggestion that Detective

3

Engelman violated his right to a jury trial. Indeed, the complaint states that he had a jury trial. (DE # 1 at 4.)

Martin asserts a claim for "defamation of character" (DE # 1 at 5), alleging that Detective Engelman's actions damaged his reputation. But even assuming the facts alleged by the plaintiff are all true, they state no federal cause of action against Detective Engelman because defamation is not actionable under § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (holding that "the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law").

Martin seeks compensatory damages, including loss of wages. He also asserts that "[d]ue to my incarceration I've been experiencing: mental anguish, depression, loss of sleep, loss of weight, loss of appetite, pain and suffering, wages of incarceration [and] emotional distress . . . ." (DE # 1 at 5.) But because he alleges no actual physical injury from Detective Engelman's actions, Martin may not seek damages for mental or emotional injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This section is entitled a "limitation on recovery," and is a clear effort to limit prisoners' ability to recover for mental and emotional distress where there has been no physical injury, though they may still seek other forms of damages. Section 1997e(e), as the plain language of the statute suggests, "limits recovery 'for mental and emotional injury', but leaves unaffected claims for nominal and punitive damages, which seek to remedy a different type of injury." *Calhoun v. Detella*, 319 F.3d 936, 941 (7th Cir. 2003) (citations omitted).

Accordingly, Martin may not recover damages for "mental and emotional distress," and is limited to other forms of damages for any constitutional violation he may be able to prove.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendant Darrick Engelman in his personal capacity for damages on his Fourth Amendment claim that the defendant, without probable cause, conducted an illegal search and seizure leading to a false arrest of the plaintiff and his wrongful imprisonment;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915(b), all other claims, including the claim for damages for mental and emotional distress;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendant respond to the complaint as provided for in the FEDERAL RULES OF CIVIL PROCEDURE; and

(4) **DIRECTS** the marshals service to effect service of process on the defendant on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on him along with the summons and amended complaint.

              **SO ORDERED.**

Dated: August 10, 2010

              s/James T. Moody
              JUDGE JAMES T. MOODY
              UNITED STATES DISTRICT COURT