# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DERRICK C. MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:10-cv-109 |
| DARRICK ENGELMAN, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a request filed by *pro se* Plaintiff Derrick Martin in this § 1983 case, together with a completed Questionnaire for Appointment of Counsel, asking that this Court request an attorney to represent him. (Docket # 11, 14, 20.) Because Martin's case is not a difficult one, and since he is competent to litigate it, the motion will be DENIED.

## LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims

himself."[1] *Pruitt*, 503 F.3d at 655; *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). The question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## ANALYSIS

Applying the foregoing two-fold inquiry, it is evident that Martin is competent to represent himself in this case. To explain, the suit is a relatively straightforward § 1983 action. Martin claims that Detective Engelman lacked probable cause to obtain a search warrant for the search of his residence, and thus in performing the search, violated Martin's Fourth Amendment rights. (Docket # 1.) Therefore, the first factor – the difficulty of his claims – cuts against Martin's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir.

---

[1] Here, Martin has made a reasonable attempt to obtain counsel on his own, as he has apparently contacted at least three different attorneys; none, however, have taken his case. (Docket # 20.) Interestingly, one of the attorneys told Martin that his case was not strong, while another (who wanted a large retainer) viewed it as a "strong case". (Docket # 20.)

2

1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, Martin has already adequately articulated his claims in this case and sought relief through various motions. (*See, e.g.*, Docket # 1, 2, 5, 11, 21.)  In particular, he filed an extensive "Memorandum of Fact and Law" that incorporates numerous legal citations (Docket # 21), indicating that he has already performed considerable legal research and is fully capable of articulating his legal position.  And, this is not the first suit that Martin has filed on a *pro se* basis, *see Martin v. Branstrator Corp.*, 1:07-cv-251 (N.D. Ind. Dec. 22, 2008), and thus he obviously has some familiarity with the litigation process.

Furthermore, it appears that Martin has reasonably good communication skills, at least at a sufficient level to proceed *pro se*.  Moreover, he is not presently incarcerated and thus has the freedom to perform his own research.  Finally, the facts of this case are within his particular knowledge; therefore, the task of discovery is apt to be quite limited and certainly not insurmountable.  As a result, the second factor of the two-fold inquiry – the plaintiff's competence to litigate the claims himself – also fails to support his request for counsel.

Considering the foregoing, Martin appears quite competent to adequately handle the litigation of this relatively simple § 1983 case.  Consequently, his motion asking that the Court recruit counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 11, 14) is DENIED.  Plaintiff is, of course, free to attempt to secure counsel on his

3

own.

Enter for this 26th day of January, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge