UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DERRICK C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-109 |
| | ) | |
| DARRICK ENGELMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is *pro se* Plaintiff Derrick Martin's motion to amend his complaint (Docket # 34), seeking leave to add three new plaintiffs; thirty-two new defendants, including the Fort Wayne Police Department and the City of Fort Wayne; and (by his count) forty-six different claims almost all of which were previously-dismissed. Defendant opposes Martin's motion, and it is now fully briefed. (Docket # 35, 37.) For the following reasons, Martin's motion will be DENIED.

*A. Factual and Procedural Background*

Martin filed this 42 U.S.C. § 1983 action *pro se* when he was incarcerated, alleging a host of claims against Defendant Darrick Engelman, a detective in the Fort Wayne Police Department, including that he violated his Fourth Amendment rights in a search of his home. (Docket # 1.) On August 10, 2010, the District Judge screened Martin's complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed all claims other than the Fourth Amendment claim based on the alleged illegal search and seizure. (Docket # 8.)

On February 24, 2011, the Court granted Martin's request for the appointment of counsel

for the limited purpose of affording him the opportunity to discuss his claim with a knowledgeable and experienced attorney. (Docket # 29.) On March 30, 2011, Martin filed the instant motion to amend his complaint. (Docket # 34.) On April 22, 2011, Martin's appointed counsel were discharged from the case, having fulfilled their limited representation. (Docket # 36.)

### B. Standard of Review

Under Federal Rule of Civil Procedure 15, a party may amend his pleading once as a matter of course at any time before a responsive pleading is served; otherwise, he may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a). However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

### C. Discussion

As explained earlier, Martin seeks leave to amend his complaint to add three new plaintiffs and thirty-two new defendants, including the City of Fort Wayne and the Fort Wayne Police Department; and to resurrect his previously-dismissed claims. For the following reasons, his motion will be denied.

With respect to his request to add three new plaintiffs, Martin explains that "they also lived at the residence in question at the time of the [alleged] illegal search and seizure". (Reply 1.) Martin's request to add these three plaintiffs, however, is futile, as a *pro se* plaintiff "cannot bring [a] lawsuit on behalf of another . . . ." *Fleece v. Stzrecki*, No. 3:10-CV-445, 2010 WL

4628289, at *1 (N.D. Ind. Nov. 5, 2010); *see Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) ("[I]t is clear than an individual may appear in the federal courts only *pro se* or through counsel.").

Likewise, it would be a futility to grant Martin's request to add the Fort Wayne Police Department as a defendant. "Municipalities are subject to suit for constitutional violations pursuant to 42 U.S.C. § 1983." *Martin v. Teusch*, No. 1:09-CV-321 JVB, 2010 WL 1474525, at *2 (N.D. Ind. Apr. 9, 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). "However, a city's police department is not a suable entity apart from the municipality." *Id.*; *see Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) (articulating that Indiana municipal police departments lack the capacity to be sued); *Vela v. Indianapolis Police Dept.*, No. 1:06-cv-1481-SEB-JMS, 2008 WL 191977, at *4 (S.D. Ind. Jan. 22, 2008) (collecting cases); *Culbreath v. Florea*, No. 3:06-CV-0749 WL, 2007 WL 433075, at *2 (N.D. Ind. Feb. 5, 2007) ("[U]nder Indiana law, a 'police department' has no separate corporate existence and is therefore not a suable entity.").

Martin also seeks to name thirty new individual defendants in this case. However, his proposed amended complaint focuses only on Engelman's alleged conduct, failing to specify how these other thirty individuals were personally involved in his alleged constitutional violation. *See Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (explaining that to establish personal liability in a § 1983 claim, a plaintiff must show a causal connection between the acts complained of and the alleged constitution deprivation—that is, that the government official had some "personal involvement" in the violation).

Moreover, Martin's proposed complaint attempts to resurrect a plethora of claims that

3

were previously dismissed by the District Judge. (*See* Docket # 8.) For example, Martin advances a defamation claim in his proposed amended complaint, but that claim was already dismissed by the District Judge because "defamation is not actionable under § 1983." (Op. and Order, Aug. 8, 2010, at 4 (citing *Paul v. Davis*, 424 U.S. 693, 712 (1976)).)

In sum, because of the futility of Martin's requested amendments, his motion for leave to file the proposed amended complaint will be DENIED.

### *D. Conclusion*

For the foregoing reasons, Plaintiff's motion to amend his complaint (Docket # 34) is DENIED. The Court sets this matter for an in-person scheduling conference on July 25, 2011, at 10:00 a.m.

SO ORDERED.

Enter for June 15, 2011.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
